UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, <br><br> *Plaintiff*, <br><br> v. <br><br> Natasha N. Rafiq, Individually, as Co-Independent Administrator of the Estate of Edith Spossey-Sax, and as Trustee of the Trust of Edith Spossey-Sax dated November 29, 2008, Christopher Spossey, Individually and as Trustee of the Trust of Edith Spossey-Sax dated November 29, 2008, Brooke Spossey, Individually and as Trustee of the Trust of Edith Spossey-Sax dated November 29, 2008, Trey Spossey, Individually and as Trustee of the Trust of Edith Spossey-Sax dated November 29, 2008, and Steven L. Sax, Individually and as Co-Independent Administrator of the Estate of Edith Spossey-Sax, <br><br> *Defendants*. | CIVIL ACTION H-14-3227 |

**AGREED ORDER & FINAL JUDGMENT**

Based upon the Stipulation entered into by the parties, the Court hereby enters the following:

1. Within 30 days of the signing of this Order by the Court, Prudential shall deliver to counsel for the Defendants a check made payable to "The Estate of Edith Spossey-Sax" and equal to the sum of $5,000,000.00 (the "Death Benefit"), representing the full amount of death benefits payable under Individual Life Insurance Policy Number L8 363 238, which was issued to Edith Spossey-Sax (the "Policy'), plus applicable claim interest through the issue date of the check (together, the "Distributed Funds");

2. Upon notice to the Court that the Defendants' counsel has received the funds described in Paragraph 1 above, Prudential shall be discharged from any and all liability to the Defendants relating to the Policy and/or the Death Benefit and/or the Distributed Funds and for the Defendants to be, and hereby are, permanently enjoined from making any further actual or implied claims, demands and causes of action, asserted or unasserted, express or implied, foreseen or unforeseen, real or imaginary, suspected or unsuspected, known or unknown, liquidated or unliquidated, of any kind or nature or description whatsoever, that the Defendants, jointly and severally, ever had, presently have, may have, or claim or assert to have, or hereinafter have, may have, or claim or assert to have, against Prudential with respect to the Policy and/or the payment of the Death Benefit due thereunder and/or the Distributed Funds; and

3. Upon notice to the Court described in Paragraph 2 above, this matter shall be dismissed with prejudice, and any and all claims against Prudential relating in any way to the Policy and/or the Death Benefit and/or the Distributed Funds shall be dismissed with prejudice and all parties to bear their own costs and attorneys' fees; and

4. This ORDER shall be deemed a final judgment in accordance with Fed. R. Civ. P. 54(b), there being no just reason for delay.

Signed at Houston, Texas on February 17, 2015.

_____
Gray H. Miller
United States District Judge